

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2007

# In Re: Carol Dixon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1348

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Carol Dixon " (2007). *2007 Decisions.* Paper 1634.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1634

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-124                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1348
_____

IN RE: CAROL A. DIXON,

Petitioner
_____

On Petition for a Writ of Mandamus from the
United States District Court for Eastern
District of Pennsylvania
(Related to E.D. Pa. Civ. No. 01-cv-00619)
_____

Submitted Under Rule 21, <u>Fed.</u> <u>R.</u> <u>App.</u> <u>P.</u>
February 8, 2007

Before: SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: February 13, 2007)

_____

OPINION
_____

PER CURIAM

Carol Dixon has filed a petition for a writ of mandamus. Dixon makes several

allegations regarding her fear of the "mob" and her belief that she and her family need to

be protected. She has attached various documents referencing, <u>inter</u> <u>alia</u>, social security

and public assistance benefits, travel accommodations for her daughter and

communications with the United States Marshals Service. She appears to request that the

court enforce certain "default judgments" and award her $300 billion. We must note that her petition is barely comprehensible and at times illegible.

A writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and further must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. See In Re Ford Motor Co., 110 F.3d 954, 957 (1997).

Dixon's petition is woefully deficient. To the extent that her allegations are somehow related to pending or closed lawsuits, Dixon has failed to show that alternate remedies do not exist. Dixon had the opportunity to request relief during the pendency of these lawsuits and to appeal any adverse orders that were issued. Moreover, insofar as any of the allegations set forth in her petition have not been raised previously, Dixon may do so by initiating an action in the appropriate court. She has thus failed to demonstrate that she is entitled to the issuance of a writ of mandamus.

Accordingly, we will deny the petition.