**DLD-203**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1783
_____

IN RE:  CAROLE ANN DIXON,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 09-mj-06210)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 3, 2011

Before:  BARRY, FISHER and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>.

(Filed: June 16, 2011 )
_____

OPINION
_____

PER CURIAM

     Carole Ann Dixon has been charged with using interstate communications to
threaten employees of the Social Security Administration in violation of 18 U.S.C. § 875.
A Magistrate Judge declared her incompetent to stand trial and committed her to the
custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).  Dixon appealed pro se,
but we dismissed her appeal for lack of jurisdiction because she was required to appeal to
the District Court in the first instance.  (C.A. No. 10-4272.)

Dixon later filed the petition for a writ of mandamus and related documents at issue here. Dixon's filings are barely comprehensible and often illegible, and it is difficult to discern any specific requests for relief. Her filings appear to refer to and might be read to challenge the commitment order but, if so, they lack merit. Mandamus is an extraordinary remedy that may not be used as a substitute for an appeal. See In re Pressman-Gutman Co., 459 F.3d 383, 398 (3d Cir. 2006). Dixon, who is represented by counsel in her criminal proceeding, has not raised anything suggesting that her competency hearing was irregular or any decipherable ground for requiring the drastic remedy of mandamus in that regard, and our review of the record does not suggest any.

Nor has she raised any decipherable ground for requiring mandamus otherwise. Dixon's filings contain allegations concerning her familial history, the Social Security Administration, her disagreements with physicians regarding medication, the dispositions of various lawsuits, her civil rights, various alleged governmental conspiracies, and other matters. Aside from a request that we order her alleged one million dollar bail returned to her with an additional ten million dollars, however, we cannot discern any particular request for relief from any particular party or any reason to believe that such relief might be warranted. In that regard, our discussion of Dixon's previous mandamus petition applies to this one as well. See In re Dixon, 225 F. App'x 52, 53 (3d Cir. 2007).

Accordingly, we will deny the petition.